IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUDITH R. BURKS, | CASE NO. 1:21–cv–345 |
| Plaintiff, | DISTRICT JUDGE CHARLES E. FLEMING |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendant. | **REPORT & RECOMMENDATION** |

Plaintiff Judith Raven Burks[1] filed a Complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's decision denying Supplemental Security Income (SSI). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). This matter has been referred to a Magistrate Judge under Local Rule 72.2(b)(1) for the preparation of a Report and Recommendation. Following review, and for the reasons stated below, I recommend that the District Court affirm the Commissioner's decision.

---

[1] Judith Raven Burks is male. He indicates as much when asked in his paperwork, e.g. Tr. 217, and the ALJ addressed him as "Mr. Burks" during the administrative hearing. Tr. 33. Except for Defendant's brief, all other references to Burks in the record use male pronouns. Accordingly, so too does the Court.

**Procedural and factual history**

In October 2018, Burks filed an application for SSI benefits alleging a disability onset date of October 1, 2013[2] and claiming he was disabled due a cerebral hemorrhage[3], status-post craniotomy[4] with hemorrhage evacuation, homonymous hemianopsia,[5] depression with anxiety, and hypertension. Tr. 21, 49, 191-199.

From October 31, 2018, through March 20, 2019, SSA received nine hundred eighty-nine pages of medical records related to Burks's claim from the following providers: Dr. Jorethia Chuck, University Hospital of

---

[2]     "Once a finding of disability is made, the ALJ must determine the onset date of the disability." *McClanahan v. Comm'r of Soc. Sec.,* 193 F. App'x 422, 425 (6th Cir. 2006).

[3]     According to Cleveland Clinic's Diseases and Conditions online library, a cerebral hemorrhage, also known as an "intercranial hemorrhage" is a broad term that can refer to bleeding within the skull but outside of the brain tissue, or bleeding inside the brain tissue; it is usually refined by the treating neurologist or neurosurgeon by reference to the type and location of the brain bleed. *See* https://my.clevelandclinic.org/health/diseases/14480-brain-bleed-hemorrhage-intracranial-hemorrhage (last visited Oct. 11, 2022).

[4]     According to the neurology section of Johns Hopkins Medicine's Treatments, Tests and Therapies database, "a craniotomy is the surgical removal of part of the bone from the skull to expose the brain." *See* https://www.hopkinsmedicine.org/health/treatment-tests-and-therapies/craniotomy (last visited Oct. 11, 2022).

[5]     According to the Cleveland Clinic's Diseases and Conditions online library, "homonymous hemianopsia is a condition in which a person sees only one side— right or left— of the visual world of each eye." *See* https://my.clevelandclinic.org/health/diseases/15766-homonymous-hemianopsia- (last visited Oct. 11, 2022).

Cleveland, The Cole Eye Institute, and MetroHealth. Tr. 130. The Cleveland Clinic alone submitted four sets of records for consideration. *Id*.

In March 2019, SSA found that "the medical evidence [did] not show that [Burks's] loss of vision [was] severe enough to meet the blindness requirements for [SSI] Payments" and denied Burks's claim. Tr. 130-133.

In April 2019, Burks requested reconsideration claiming that: 1) he "had a severe bleeding in [his] brain which [led] to a stroke"; 2) his left side was numb and "barely" able to be used; 3) he was "unable to [lift] or carry heavy objects"; and 4.) he "use[d] a walker in order to stand up for long periods" of time. Tr. 136. Burks indicated he would submit medical evidence supporting these allegations by May 5, 2019. *Id*.

SSA did not receive supplemental records by Burks's deadline, however, in July and August 2019, SSA received two sets of supplemental records from the Cleveland Clinic and one set from the Cole Eye Institute, respectively. Tr. 139.

Days after receiving the supplemental Cole Eye Institute records, SSA affirmed its denial of Burks's claim. Tr. 139.

In September 2019, Burks requested a hearing before an Administrative Law Judge (ALJ). Tr. 142-145. In January 2020, presiding ALJ George D. Roscoe advised Burks that his request had been granted and that his hearing would take place April 29, 2020. Tr. 161-165, 168, 184.

On April 22, 2020, seven days before the hearing, Burks's attorney sent a letter notifying the ALJ of the existence of outstanding evidence. Tr. 266-267. He described the evidence as medical records from the Cleveland Clinic as well as an outstanding residual functional capacity (RFC)[6] opinion he had requested from Dr. Amy Bodnarchuk, Burks's primary care physician. Tr. 266. Burks said he had not received a response from Dr. Bodnarchuk but detailed his regular communication with the Cleveland Clinic, whose staff promised the records would be sent out "any day." *Id*. Burks asked the ALJ to suspend the "five-day rule," *see* 20 C.F.R. § 404.935, which would otherwise close the record five days prior to the hearing, and to give him until May 20, 2020, a 28-day extension, to submit evidence. Tr. 266-267.

On April 29, 2020, the ALJ held the administrative hearing. Tr. 31-48. Burks, who was represented by counsel, testified as did vocational expert Mark Anderson. *Id*. Burks's attorney guided Burks initially and the ALJ followed up with a few questions citing the medical evidence. Tr. 36-43. Primarily, the ALJ asked Burks to reconcile discrepancies between the decline in his conditions to which he had testified, and the positive improvement documented in his medical records. Tr. 43. For example, the

---

[6]    An RFC is an "assessment of" a claimant's ability to work, taking his or her "limitations … into account." *Howard c. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Circ. 2002) (quoting 20 C.F.R. § 416.945). Essentially, it is the Social Security Agency's "description of what the claimant 'can and cannot do.'" *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 631 (6th Cir. 2004) (quoting *Howard*, 276 F.3d at 239).

4

ALJ cited Burks's testimony that he could not stand for long periods of time and used a walker as compared to Cleveland Clinic records from September 2018 through April 2019 assessing Burks's gait and motor strength as normal, his reflexes equal throughout, and his range of motion intact. *Id*. Burks's attorney interjected, "I would just say we are still waiting for the Cleveland Clinic records. We talked to the clinic, a [medical review officer] on Friday. And we're hopefully going to have them in the next week or two. And I hope that will show a more updated and more accurate picture of what my client's current condition is." Tr. 43-44.

The ALJ granted Burks one week, until May 5, 2020, to submit additional evidence and stressed that Burks should not interpret his suspension of 20 C.F.R. § 404.935(a), which would otherwise require him to close the record five days prior to an administrative hearing, as "carte blanche to keep the record open and continue to submit more evidence, more evidence, more evidence, more evidence." Tr. 44.

According to an extra-record document Burks filed with this Court, on May 5, 2020, Burks sent a letter asking the ALJ keep the record open for 14 additional days, giving him until May 20, 2020, to submit evidence. Doc. 14-1.[7]

---

[7]     As far as I can tell, Burks's May 5 letter is not found in the certified administrative record. Without seeking leave or moving to supplement the record, Burks included it as an attachment to his brief filed with this Court in October 2021. *See* Doc. No. 14-1. In Burks's brief, his counsel asserts that counsel submitted the letter electronically during the morning of May 5,

On May 6, 2020—the day after Burks's May 5, 2020 letter—the ALJ issued his decision denying Burks's claim. Tr. 12-29. He dedicated more than three pages within his ten-page decision to the medical opinions and findings of Burks's clinicians during the relevant time. Tr. 21-24. The decision did not discuss Burks's May 5 letter. *Id.*

In July 2020, Burks requested Appeals Council review of the ALJ's decision. Tr. 187-190. In December 2020, the Appeals Council declined further review and the ALJ's decision became final. Tr. 1–3; *see* 20 C.F.R. § 404.981.

In February 2021, Burks filed this action seeking remand and alleging that the ALJ committed legal error when he failed to develop the record "fully and fairly," as he claims Social Security Ruling (SSR) 17-4p and 20 C.F.R. § 416.1435 require. Doc. 14, at 3-4. For reasons more fully explained below, Burks's arguments fail. He is not entitled to a remand of this matter and the Commissioner's decision should be affirmed.

---

2020. Doc. No. 14 at 4 n.1. Respondent has not objected to the fact that Burks filed the May 5 letter and instead references it in Respondent's brief on the merits. *See* Doc. No. 17 at 2. I'll discuss the implication of these facts below.

Burks's April 22 letter described the outstanding evidence as Cleveland Clinic records as well as a potential RFC from Dr. Bodnarchuk, but in his May 5 letter, Burks dropped the reference to Dr. Bodnarchuk's RFC, mentioning only that he expected "updated" Cleveland Clinic records pertaining to his stroke, vision problems, and "other disabilities." Tr. 266, Doc. 14-1.

**Standard of review**

The Court's review of an SSA ALJ's decision is limited to the question of "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 551 (6th Cir. 2020); *see* 42 U.S.C. § 405(g). "Substantial evidence … is 'such relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The SSA's findings of fact are "conclusive" "if supported by substantial evidence." 42 U.S.C. § 405(g). The Court must nonetheless reverse if the ALJ fails to follow agency rules or regulations. *Hargett*, 964 F.3d at 551.

**Discussion[8]**

Burks argues he is entitled to remand, asserting the ALJ committed legal or factual error when: 1) the ALJ did not assist Burks sufficiently when Burks attempted to obtain supplemental evidence, thus failing to assist in the development of the record as required by SSR 17-4p; 2) the ALJ held the record open for one week rather than granting Burks until May 20, 2020, as he requested despite timely notice and the extraordinary circumstances that caused the delay, thus erring in his application of 20 C.F.R. § 404.935(a), the five-day rule; and 3) the ALJ failed to respond to the May 5 letter Burks sent

---

[8]     Since the Plaintiff's argument is procedural in nature and neither party argues that there is any insufficiency in the medical evidence, state agency opinions, or findings of the ALJ, I have limited my discussion to the issues in dispute. Doc. 14 at 2; Doc. 17, at 1-2.

renewing his request for an extension until  May 20, 2020 to submit additional evidence. Doc. 14, at 3-4.

Defendant claims Burks seeks remand under Sentence Six of 42 U.S.C. § 405(g), and argues he is not entitled to a remand on two grounds. First, Defendant argues that, procedurally, Burks failed to develop a sufficient Sentence Six remand argument in his opening brief and forfeited this claim. Doc. 17, at 1. Second, Defendant argues that, on the merits, Burks failed to meet his burden under Sentence Six and therefore is not entitled to a remand. Doc. 17, at 1-2, 42 U.S.C. § 405(g). I partially agree with Defendant.

Burks's argument hinges on the letter he allegedly sent to the ALJ on May 5, 2020. But the letter is not found in the administrative record. We only know about it because Burks attached it to his merits brief in this Court.

Burks, however, never sought leave to submit the letter. He also never moved to supplement the record. Given that this Court's review must focus on the administrative record filed with the Court, "not some new record made initially in [this] court," *Camp v. Pitts*, 411 U.S. 138, 142 (1973), it's not clear why Burks bases his argument on the May 5 letter, which is not properly before the Court.

Moreover, the letter is unaccompanied by a declaration attesting that it was sent. And although Burks's counsel asserts in Burks's brief that counsel filed it electronically, Doc. No. 14, at 4 n.1, counsel's factual assertion in a brief is not evidence and establishes nothing, *see Duha v. Agrium, Inc.*,

8

448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence."). So there is no evidence that Burks ever filed the letter with the SSA.

Because Burks's argument hinges on a fact he's never established, the SSA's determination should be affirmed. Nonetheless and for the sake of completeness, I turn to the parties' arguments.

**Eligibility for remand under 42 U.S.C. § 405(g)**

Burks alleges the ALJ failed to comply with Social Security Ruling (SSR) 17-4p and 20 C.F.R. § 404.935(a) but does not specify how either alleged failure entitles him to remand under 42 U.S.C. § 405(g). The Supreme Court has clarified the types of remands available under 42 U.S.C. § 405(g). *See Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1984). Sentences Four and Six of Section 405(g) set forth bases on which a social security claimant may argue he or she is entitled to remand. 42 U.S.C. § 405(g). Subsection (g)'s fourth sentence concerns "the pleadings and transcript *of the record*," and allows a court to affirm, modify, or reverse the Commissioner's decision, "with or without remanding the cause for a rehearing." *See* 42 U.S.C. § 405(g) (Sentence Four) (emphasis added). Where the Commissioner has committed a legal or factual error in evaluating a particular claim, remand after judicial review is Sentence Four remand. *See Faucher v. Secretary of HHS*, 17 F.3d 171, 174-75 (6th Cir. 1994). Subsection (g)'s sixth sentence allows remand "in only two situations: where the [Commissioner] requests a remand before

answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). Remand under Sentence Six is not based on the court's review of the merits of an administrative decision but is, instead, based on the identification of new and material evidence which, for good cause, was not submitted during prior administrative hearings. *Faucher*, 17 F.3d at 174. A Sentence Four remand is merits-based and post-judgment while a Sentence Six remand is prejudgment. *Id.* at 175.

Burks does not specify how or why he is entitled him to remand. His claims fail under Sentence Four and Sentence Six, so regardless of the theory he intended to argue, his motion should be denied.

### Sentence Four Analysis

*The ALJ did not commit legal or factual error with respect to his obligations to develop the record under SSR 17-4p.*

Burks argues that the ALJ failed to sufficiently assist him in developing the record as he was required by SSR 17-4p. Doc. 14, at 6. Burks claims the ALJ did not make reasonable efforts to secure Burks's supplemental evidence and did not make every reasonable effort to obtain all medical evidence necessary to properly make a disability determination. Doc. 15, at 6. Burks is incorrect. His argument for Sentence Four remand on this basis should be denied.

Under SSR 17-4p, a social security claimant is responsible for producing evidence to support his claim. SSR 17-4p, Titles II and XVI:

Responsibility for Developing Written Evidence, 2017 WL 4736894 at *3 (Oct. 4, 2017). Although the SSA "should make every reasonable effort to obtain from a claimant's treating source all medical evidence" necessary to properly make a disability determination, this duty does not reduce the claimant's responsibilities in any way. SSR 17-4p 2017 WL 4736894 *3; *see Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008). If a claimant demonstrates that he is unable to obtain evidence despite good faith efforts or for reasons beyond his control, an ALJ *may* directly request the evidence. SSR 17-4p, 2017 WL 4736894, at *6.

Here, Burks fails to show how he demonstrated to the ALJ that he was unable to obtain updated Cleveland Clinic evidence. As such, the guidelines under which an ALJ may try to obtain evidence directly under SSR 17-4p were not met. At no point did Burks's attorney indicate he was unable to obtain the evidence. To the contrary, he made repeated representations asserting how he would be able to obtain the evidence if given enough time. Tr. 43-44, 266-267. Burks's attorney represented that he was in active conversation with responsive medical records officers at the Cleveland Clinic who had already assured him Burks's records were on their way. Tr. 43-44. Burks fails to establish that the conditions required by SSR 17-4p for direct ALJ intervention were met, so the ALJ was under no obligation to directly contact the Cleveland Clinic on Burks's behalf. The ALJ did not commit legal or factual error. Burks's request, to the extent it

constitutes a request for a Sentence Four remand on this basis, should be denied.

Burks argues that the ALJ failed to develop the record and obtain additional evidence, Doc. 14. at 6, but this argument fails. An ALJ has a duty to provide a claimant a full and fair hearing. *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983). "Under special circumstances—when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures—an ALJ has a special, heightened duty to develop the record." *Wilson*, 280 F. App'x at 459; *Lashley*, 708 F.2d at 1051–1052. There is no bright line test; instead, a court decides the issue on a case-by-case basis. *Lashley*, 708 F.2d at 1052. Here, the ALJ had no heightened responsibility to Burks. Burks fully participated in the hearing and was represented by a particularly engaged and zealous attorney throughout the process. Tr. 37-44, 266-267. Burks's attorney assisted Burks in presenting his case and advocated persistently on Burks's behalf. Tr. 37-44, 266-267.

While the ALJ was not required to take an active role in assisting Burks to develop the record, contrary to Burks's assertions, the ALJ did, nonetheless, assist in the development the record. Doc. 14, at 5-6. The ALJ's actions illustrate a reasonable level of support in keeping with SSR 17-4p. Tr. 43-44, 191-199, 266. First, the ALJ granted Burks's request to keep the record open, allowing Burks additional time to submit supplemental

evidence. Tr. 43-44. The ALJ's one-week limitation was reasonable given the fact that by the hearing date, Burks had over eighteen months to obtain records in support of his claim and had amassed nearly one thousand pages of evidence. Tr. 191-199, 271-1251. Second, in lieu of updated written records, the ALJ made efforts to develop evidence during the hearing by asking about Burks current condition as compared to how he had been in the past. Tr. 43-44.

Burks claims that the ALJ did not make every reasonable effort to obtain all medical evidence necessary to properly make a disability determination. Doc. 14, at 6-7. An ALJ is not required to obtain all medical evidence, just what is necessary to properly make his determination. Where sufficient testimony regarding a condition and a claimant's RFC exist in the record, an ALJ may deny a request to consider additional evidence. *Foster v. Halter*, 279 F.3d 348, 355-356 (6th Cir. 2001) ("Given that there was already sufficient testimony on Foster's impairments in the record for the ALJ to evaluate her mental condition and residual functional capacity, the ALJ did not abuse his discretion in denying Foster's requests for additional testing or expert testimony.") (citing 20 C.F.R. §§ 404.1517, 416.917)) (additional citations omitted). The ALJ's decision illustrates that he had sufficient medical evidence necessary to make a disability determination. Tr. 17-29. His reasoning is also supported with information from a full record of nearly one thousand pages regarding Burks's impairments and Burks's RFC. Tr. 12-29.

The ALJ was thus permitted to close the record and proceed with his decision without providing Burks further assistance to obtain the allegedly outstanding records. *See Bass v. McMahon*, 499 F.3d 506, 514 (6th Cir. 2007).

*The ALJ did not err in his application of the five-day rule.*

The "five-day rule", 20 C.F.R. § 416.1435(a) requires claimants to submit evidence "no later than 5 business days before the date of the scheduled hearing." It adds that if a claimant fails to comply with this requirement, an ALJ "may decline to consider or obtain the evidence unless the circumstances described in [subsection] (b) … apply." Subsection (b), in turn, provides a list of exceptions.

On April 22, 2020, Burks asked the ALJ to keep the record open for 28 days. Tr. 266-276. The ALJ partially granted this request, giving Burks one week, or until May 5, 2020, to submit supplemental evidence. Relying on the May 5 letter, Burks claims, "it was not unreasonable, particularly given the recency of the pandemic, for the ALJ to allow 14 more days to submit [supplemental] evidence." Doc. 14, at 4-5. He adds that, considering his timely notice and the fact that the global pandemic caused the delay, the ALJ committed legal error applying the five-day rule when he denied Burks two additional weeks. Doc. 14, at 3, 6. I disagree.

As an initial matter there is no factual basis to conclude that Burks submitted the May 5 letter. So the ALJ had no reason to take any additional action. And even if (1) Burks did submit the letter, and (2) "it was not

14

unreasonable … for the ALJ to allow 14 more days," the alleged fact that allowing more time would "not [be] unreasonable," does somehow mean that disallowing more time was unreasonable.

Burks's claim the outstanding evidence would have, "shed light on [Burks's] functioning," Doc. 14, at 6, is based on sheer speculation that the receipt of additional records might have altered the result. Indeed, the fact that he has never tried to submit the alleged additional evidence or sought remand based on it suggests that it doesn't exist or would not help him. In any event, his speculation is "too flimsy a [reed] to support remand on a record that already contained more than 900 pages of medical evidence that substantially support[ed] the ALJ's decision." *See Brandy K. v. Comm'r of Soc. Sec.,* 2022 WL 179541, at *8 (S.D. Ohio Jan. 20, 2022) (citing *Lemire v. Colvin*, No. 15-331L, 2016 WL 3166836, at *10 (D.R.I. May 4, 2016) (ALJ's refusal to consider late evidence was harmless error even if the ALJ violated the "Five-day Rule," because a remand to consider two excluded reports would be a meaningless exercise.), *adopted at* 2016 WL 3167077 (D.R.I. June 6, 2016) ; *see also Bass v. McMahon*, 499 F.3d 506, 514 (6th Cir. 2007).

Burks asserts, generally, that the COVID-19 pandemic "likely [caused] a disruption in receiving/processing requests for medical records" continuing, incorrectly, that "[his] requests for records [were] in the midst of the start of the [COVID-19] pandemic." Doc. 14, at 6. But this claim falls apart upon consideration. Burks filed for benefits initially in October 2018. Tr. 191-199.

This was 15 months before the first documented case of COVID-19 in the United States and 18 months prior to the virus officially arrived in Ohio.[9] In light of Burks's disability onset date, relevant medical records were primarily generated between October 2013 through October 2018. Tr. 191-199. Crucially, most of Burks's records had been submitted to SSA by March 2019, a full year before the first confirmed case of coronavirus in Ohio. Tr. 130, 139. It may have been difficult to obtain medical records during the height of the pandemic. But Burks arguments are general and vague and fail to establish a causal relationship between the global pandemic and any specific attempt he made to obtain his alleged supplemental evidence. He fails to show that even if he had been granted the additional two weeks, he would have been able to submit the alleged evidence at issue.

Pertinently, Burks previously overestimated the persuasive power of supplemental medical evidence and went past production deadlines well before the pandemic and its extraordinary circumstances arrived in Ohio. Tr. 136, 139. When Burks sought reconsideration in April 2019, he claimed he had additional evidence to submit, which he would provide to SSA by May 5, 2019. Tr. 136. This deadline came and went without the records, which the Cleveland Clinic and Cole Eye Institute ultimately sent in July and August

---

[9]    According to the Ideastream Public Media's webpage chronicling the timeline of COVID-19 events in Ohio, the first documented case of COVID-19 in Ohio was March 9, 2020. *See* https://www.ideastream.org/ohios-coronavirus-pandemic-a-timeline (last visited Oct. 11, 2022).

2019, respectively. SSA was unmoved, however, and affirmed the initial denial of Burks's claim. The ALJ granted Burks's request with a reasonable limitation. Tr. 44.

> *Even if the ALJ received the May 5 letter—which Burks has not shown—the ALJ's failure to respond to the letter was harmless error if it was error at all.*

The ALJ issued his decision on May 6, 2020, without acknowledging Burks's May 5 letter. Tr. 12-29; Doc. 14-1; Doc. 14, at 4. Burks argues this was a legal or factual error. Burks is incorrect because he has not shown that the ALJ was required to respond. Just the week before, the ALJ had addressed, and partially granted, Burks's same request for a May 20, 2020 deadline on the same basis. Burks's letter did not raise a new fact or argument which might have warranted the ALJ's reconsideration of his decision to close the record on May 5, 2020. Tr. 266-267, 44; Doc. 14-1. But even if the ALJ erred by failing to respond, Burks suffered no prejudice as a result.

In general, courts will not order remand for further administrative proceedings if a plaintiff has suffered no prejudice from an alleged error. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969); *Connor v. United States Civil Serv. Comm'n,* 721 F.2d 1054, 1056 (6th Cir. 1983); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2011); *Rabbers v. Comm'r.,* 582 F. 3d 647, 654 (6th Cir. 2009). To conclude that the ALJ's alleged failure to address Burks's May 5 letter negatively affected Burks's

claim on the merits would require speculation as to the existence, substance, and availability of Burks's theoretical records. Burks, therefore, cannot claim in good faith that he was prejudiced by the ALJ's failure to address the May 5 letter, which, similarly, did not deprive Burks of any substantial procedural right. The ALJ gave Burks an opportunity to be heard with respect to his request for more time, then granted it with a reasonable limitation. Tr. 266-267, 44. The ALJ was not amenable to additional delay and informed Burks that the "five-day rule" should not be construed as a license to submit additional evidence. Tr. 44. He expressed his disinclination to revisit the issue by repeatedly stating Burks had "one week" despite the protestations of Burks's attorney. Doc. 43- 44. Any perceived legal error in the ALJ's decision not to issue a second denial in response to Burks's May 5 letter was harmless and, as such, Burks's argument, to the extent it constitutes a request for a Sentence Four remand, should be denied.

**Sentence Six Analysis**

> *To the extent that newly discovered evidence exists, Burks fails to prove it is "new" or "material" and has not demonstrated good cause for his failure to incorporate it into the record.*

A court may remand a case for the Commissioner to consider newly discovered evidence under Sentence Six of 42 U.S.C. 405(g). *Henderson v. Comm'r of Soc. Sec.*, No. 1:19-2913, 2020 WL 7481544, at *10 (N.D. Ohio Nov. 24, 2020). To be eligible for remand, a clamant must show that his evidence is new and material and must establish good cause for his failure

to submit the evidence in the record during his administrative proceeding. *Henderson*, 2020 WL 7481544, *10; 42 U.S.C. § 405(g); *see also Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010); *Casey v. Sec'y of Health & Hum. Serv.*, 987 F.2d 1230, 1233 (6th Cir. 1993); New evidence is evidence that did not exist or was not available at the time of the administrative proceeding. *Finkelstein v. Sullivan*, 496 U.S. 617, 626 (1990). Material evidence is evidence that is "chronologically relevant" and probative, meaning that there is a "reasonable probability that it would change the administrative result." *Henderson,* 2020 WL 7481544 *10. The party seeking Sentence Six remand bears the burden of showing that these two requirements are met. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d. 477, 483 (6th Cir. 2005). Where the newly discovered evidence was available, a claimant must explain why he did not submit that evidence during the prior administrative proceeding. *Henderson,* 2020 WL 7481544*,* at 10 (relying on *Lee v Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013).

Burks argues that remand is necessary for the consideration of "updated medical evidence" but fails to produce the evidence at the heart of his claim. Doc. 14, at 7. Burks does not meet the requirements for remand under Sentence Six because he fails to demonstrate that new and material evidence exists and has not provided a good-cause basis for his failure to previously incorporate such evidence—if it exists—into the record. He is not

entitled to Sentence Six remand and his request, to the extent it amounts to a request for a Sentence Six remand, should be denied.

**Conclusion**

For the reasons explained above, I recommend that the Commissioner's decision be affirmed.

Dated: October 20, 2022

 /s/ James E. Grimes Jr.
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).